UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MONDRAGON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RON BAKER CHEVROLET, a California corporation; CAPITAL ONE AUTO FINANCE, a business entity form unknown; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 13-CV-0363-H (RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING CONDITIONAL CERTIFICATION OF SETTLEMENT CLASSES;**<br><br>**(2) GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT; AND**<br><br>**(3) SCHEDULING FINAL APPROVAL HEARING**<br><br>[Doc. No. 42] |

On November 17, 2014, Plaintiff Jose Mondragon, on his own behalf and on behalf of all others similarly situated, filed a motion for conditional certification of two settlement classes, for preliminary approval of two class settlement agreements and class notices, and for an order setting a schedule. (Doc. No. 42.) On December 15, 2014, the Court held a hearing. Hallen D. Rosner appeared for the Plaintiff. Hunter

R. Eley appeared for Defendant Capital One Auto Finance and Thomas R. Kelleher appeared for Defendant Ron Baker Chevrolet.  For the following reasons, the Court grants Plaintiff's motion for conditional certification of two settlement classes, for preliminary approval of the settlement agreements and class notices.  The Court also sets a schedule for further proceedings.

## **Background**

### I.     Factual and Procedural Background

On December 30, 2011, Plaintiff filed a purported class action against Defendants Ron Baker Chevrolet ("Ron Baker") and Capital One Auto Finance ("Capital One") in the Superior Court for the County of San Diego. See Mondragon v. Ron Baker Chevrolet, et al., Case No. 37-2011-00103236-CU-CO-CTL.  Defendants removed the action to federal court on February 13, 2013. (Doc. No. 1.) Plaintiff alleges that Defendants have violated the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750 et seq.), the Automobile Sales Finance Act (Cal. Civ. Code § 2981 et seq.), and the Unfair Competition Law (Bus. & Prof. Code § 17200 et seq.) by failing to separately itemize certain fees in their customers' retail installment sale contracts. (Doc. No. 1-1 at 111.) Plaintiff now seeks conditional certification of two settlement classes, preliminary approval of the settlement agreements and class notices, and a scheduling order for further proceedings. (Doc. No. 42.)

### II.    The Proposed Settlement

The proposed settlement agreement will benefit two classes, the Capital One Settlement Class and the Ron Baker Settlement Class.  The "Capital One Settlement Class" includes:

> [A]ll persons who, between December 30, 2007, and December 30, 2011, (1) purchased a vehicle in California for personal use to be registered in the State of California, (2) signed a Retail Installment Sale Contract that left blank, or included the disclosures "Incl." (or any word or abreviation conveying the concept "Included"), "N/A", "None", or "0" as the amount due for "Registration/ Transfer/Titling Fees" on Line 2.B. of the Itemization of Amount Financed Section of the Retail Installment Sale Contract, and (3) whose Retail Installment Sale Contract was assigned to Capital One. The Settlement Class excludes

all employees of Capital One and its agents and affiliates. (Doc. No. 42-2 at 16-17.)

The "Ron Baker Settlement Class" includes:

[A]ll persons who, between December 30, 2007, and December 30, 2011, (1) purchased a vehicle from Defendant Ron Baker Chevrolet ("Ron Baker") for personal use to be registered in the State of California, and (2) signed a Retail Installment Sale Contract ("RISC") that included hte disclosure "Incl." as the amount due for "registration/transfer/titling fees" on Line 2.B. of the Itemization of Amount Financed Section of the RISC[.] The Settlement Class excludes all employees of Ron Baker Chevrolet and its agents and affiliates. (Id. at 53.)

Under the proposed settlement agreements, Capital One will establish a settlement fund of $2,485,000.00 (Id. at 17.) Plaintiff estimates that 8,200 Capital One Settlement Class members exist and that each class member will receive approximately $220. (Id. at 3.) Ron Baker will establish a settlement fund of $480,000. (Id. at 53.) Plaintiff estimates that 3,105 Ron Baker Settlement Class members exist and that each class member will receive at least $150. (Id. at 3.) Both settlement agreements provide that the settlement funds will pay claimants, administrative costs, the class representative incentive awards, notice costs, and class counsel's costs, fees, and expenses. (Id. at 17, 53.) In return, members of both classes release the class claims Plaintiff is pursuing in this lawsuit. (Id. at 25, 62.) If any class member's check fails to clear within 120 days after distribution, the settlement fund will redistribute it equally between cash members who did cash checks during a second round of distribution. (Id. at 19-20, 56.) Consumers for Auto Reliability and Safety ("CARS"), the *cy pres* recipient, will receive any money that remains after the second round of distribution. (Id. at 25, 62.) Class counsel will receive a maximum of 25% of the settlement funds for reasonable fees, costs, and expenses. (Id. at 20, 56-57.) The class representative will receive a $5,000 incentive award per class. (Id.)

## Discussion

When the parties reach a settlement agreement prior to class certification, the court is under an obligation to review "the proposed compromise to ratify both the

propriety of the certification and the fairness of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). Thus, the Court must first assess whether a class exists. If it does, then the Court must determine whether the proposed settlement is fundamentally fair, adequate, and reasonable. Id.

**I.      Class Certification**

A plaintiff seeking to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure must first satisfy the requirements of Rule 23(a). Once subsection (a) is satisfied, the purported class must then fulfill the requirements of Rule 23(b)(3).

A.      Rule 23(a) Requirements

Rule 23(a) establishes that one or more plaintiffs may sue on behalf of class members if all of the following requirements are met: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a). The numerosity requirement is met if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiff estimates that the Capital One Settlement Class consists of approximately 8,200 class members and that the Ron Baker Settlement Class consists of approximately 3,105 members. Accordingly, the proposed classes meet the numerosity prerequisite in this case. See, e.g., Ikonen v. Hartz Mountain Corp., 122 F.R.D. 258, 262 (S.D. Cal. 1988) (forty class members numerous enough to fulfill Rule 23(a)(1)).

Commonality requires a showing that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Courts construe Rule 23(a)(2) permissively. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). "[T]he key inquiry is not whether the plaintiffs have raised common questions, 'even in droves,' but rather whether class treatment will 'generate common answers apt to drive the resolution of the litigation.'" Abdullah v. U.S. Sec. Associates, Inc., 731 F.3d 952, 957 (9th Cir. 2013) (quoting Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011)). Here, there are questions of law and fact common to both classes, such as whether the fee disclosures prepared by Ron Baker or assigned to Capital One were adequate. (Doc.

No. 42 at 19.) Accordingly, the classes meet the commonality prerequisite.

Typicality requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A plaintiff's claims are "'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. Typicality requires that a representative plaintiff "possess the same interest and suffer the same injury as the class members." Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 156 (1982). Here, Plaintiff and the Ron Baker and Capital One class members share the same injury: they signed contracts that failed to comply with the Automobile Sales Finance Act. (Doc. No. 42 at 19.) As Plaintiff's claims are reasonably co-extensive with the claims of absent class members, the class meets the typicality prerequisite.

Adequacy of representation under Rule 23(a)(4) requires that the class representative be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate if the named plaintiff and class counsel do not have any conflicts of interest with other class members and will prosecute the action vigorously on behalf of the class. Hanlon, 150F.3d at 1020. Here, there does not appear to be any conflict of interest between Plaintiff and the absent class members. Plaintiff and his counsel have vigorously participated in the litigation process thus far, and class counsel has extensive experience in automobile financing class actions. (Doc. No. 42-2 at 3-8.) As a result, Plaintiff and his counsel are adequate representatives of the proposed class. For the foregoing reasons, Plaintiff has met all of the requirements of Rule 23(a).

B.  Rule 23(b)(3) Requirements

Rule 23(b)(3) requires that the court find that "the questions of law or fact common to class members predominate over any questions affecting only individual members" and "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3)'s

predominance and superiority requirements are designed "to cover cases 'in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" Amchem Products, Inc. v. Windsor, 521 U.S. 591, 615 (1997) (quoting Advisory Committee's Notes on Fed. R. Civ. P. 23, 28 U.S.C. App., pp. 696-97).

"The main concern in the predominance inquiry [is] the balance between individual and common issues." In re Wells Fargo Home Mortg. Overtime Pay Litigation, 571 F.3d 953 (9th Cir. 2009). This analysis requires more than proof of common issues of law and fact. Hanlon, 150 F.3d at 1022. Rather, the common questions should "present a significant aspect of the case and . . . be resolved for members of the class in a single adjudication." Id. (internal quotation omitted). Here, Plaintiff and the members of both classes have contracts with the same allegedly deficient disclosures. (Doc. No. 42 at 21.) Moreover, their legal remedies are the same. (Id.) Consequently, Plaintiff has met his burden of showing that the issues common to the classes predominate over any individual issues. Fed. R. Civ. P. 23(b)(3).

"Rule 23(b)(3)'s superiority test requires the court to determine whether maintenance of this litigation as a class action is efficient and whether it is fair." Wolin v. Jaguar Land Rover N. Am., LLC, 617 F.3d 1168, 1175-76 (9th Cir. 2010). Notably, the class action method is considered to be superior if "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996) (citation omitted). Here, there is no evidence that absent class members from either the Capital One Settlement Class or the Ron Baker Settlement Class wish to pursue their claims individually. Moreover, any class member from either class who wants to pursue an individual claim may opt out of the settlement agreement. (Doc. No. 42-2 at 22-23, 59-60). Because Plaintiff has satisfied the requirements of Rule 23(b)(3), the Court grants preliminary certification

to the settlement classes.

## II. Settlements

Federal Rule of Civil Procedure 23(e) requires a court to determine whether a proposed class action settlement is "fundamentally fair, adequate and reasonable." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). To make this determination, a court may consider a number of factors, including:

> [T]he strength of plaintiff['s] case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Staton v. Boeing, 327 F.3d 938, 959 (9th Cir. 2003) (citations omitted). In addition, the settlement may not be the product of collusion among the negotiating parties. In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 458 (9th Cir. 2000) (citing Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1290 (9th Cir. 1992)).

Given that some of these factors cannot be fully assessed until the Court conducts the final approval hearing, "'a full fairness analysis is unnecessary at this stage.'" Alberto v. GMRI, Inc., 252 F.R.D. 652, 665 (E.D. Cal. 2008) (citation omitted); see also Annotated Manual for Complex Litigation (Fourth) § 21.63 (2013) ("At the stage of preliminary approval, the questions are simpler, and the court is not expected to, and probably should not, engage in analysis as rigorous as is appropriate for final approval.") Rather, at the preliminary approval stage, the Court reviews the parties' proposed settlements to determine whether they are in the permissible "range of possible judicial approval" and thus, whether the notice to the class and the scheduling of a fairness hearing is appropriate. See 4 William B. Rubenstein et al., Newberg on Class Actions § 11:25 (4th ed. 2002); see also Alberto, 252 F.R.D. at 666 (citation omitted). In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where

complex class action litigation is concerned." In re Heritage Bond Litigation, 2005 WL 1594403, at *2 (C.D. Cal. June 10, 2005) (citing Seattle, 955 F.2d at 1276). The Ninth Circuit favors deference to the "private consensual decision of the [settling] parties," particularly where the parties are represented by experienced counsel and negotiation has been facilitated by a neutral party. See Rodriguez v. West Publishing Corp., 563 F.3d 948, 965 (9th Cir. 2009). "In reality, parties, counsel, mediators, and district judges naturally arrive at a reasonable range for settlements by considering the likelihood of a plaintiff's or defense verdict, the potential recovery, and the chances of obtaining it, discounted to present value." Id.

After reviewing the proposed settlement in light of the above factors and the current stage of the litigation, the Court finds that preliminary approval is appropriate. The proposed settlement is the result of serious, informed, and non-collusive negotiations. E.g., Tijero v. Aaron Bros., Inc., C 10-01089-SBA, 2013 WL 6700102, at *8 (N.D. Cal. Dec. 19, 2013). After three years of litigations and negotiations with an experienced mediator, Plaintiff's counsel agreed to a proposed settlement in light of the uncertainties, costs, risks, and delays associated with continued litigation. (Doc. No. 42 at 21-22.) The proposed settlements confer tangible monetary benefits to both classes and there is no indication that they improperly grant preferential treatment to the class representative or segments of the classes. The settlement amounts of $2,485,000.00 for the Capital One class and $480,000.00 for the Ron Baker class preliminarily appear adequate in light of Plaintiff's estimate of Defendants' maximum damage exposure. (Doc. No. 42-2 at 3, 17, 53.) As a result, the proposed settlement is fair, adequate, and reasonable. Alberto, 252 F.R.D. at 666. Accordingly, the Court grants preliminary approval of the settlement.

### III.  Approving Class Notice

The class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S.

306, 314 (1950).  Class notice must also satisfy the content requirements of Rule 23(c)(2)(B), which requires that the notice must clearly and concisely state in plain, easily understood language:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment under Rule 23(c)(3).  Fed. R. Civ. P. 23(c)(2)(B).

A.   Content of the Notices

The proposed notices for the Capital One and Ron Baker settlement agreements provide the following: notice of the proposed class action settlement, description of the class, notice of the time and date of the settlement hearing, a summary of the litigation, a summary of the terms of the settlement, a description of the class representative and class counsel, a description of counsel fees and class representative incentive awards, a description of the legal ramifications of participating in the class, and information on how to opt out.  (Doc. No. 42-2 at 35-37, 70-72.)  The Court approves the content of the notices.

B.   Method of Notice

The proposed methods of notice are reasonable.  Within thirty days of preliminary approval, Capital One and Ron Baker will provide the settlement administrator and class counsel a database or spreadsheet of the class members identified by defendants. (Id. at 21-22, 58-59.)  Capital One and Ron Baker will also provide any necessary help to fix any errors.  (Id.) The settlement administrative will send notice by first-class mail to the class members within twenty-eight days of receiving the class member list and no later than sixty days before the final approval.  (Id.) Prior to mailing the notices, the settlement administrator will run an NCOA search on the entire settlement class and will update addresses accordingly.  (Id.)  Class members will have twenty-eight days to opt out of the settlement after the settlement administrator mails the notice.  (Id.)  The class notices are adequate and sufficient to

inform the class members of their rights. Accordingly, the Court approves the form and manner of giving notice of the settlements.

### IV. Scheduling Fairness Hearing

The Court sets the final approval and attorney's fees hearing for Monday, April 6, 2015, at 10:30 a.m. The settlement administrator must mail class notices by January 12, 2015. Plaintiff must file a motion for final approval of the settlement, as well as any motions for fee awards and incentive awards, on or before January 30, 2015. The deadline for class members to opt out of the settlement is February 9, 2015.

### Conclusion

Based on the foregoing, the Court grants preliminary approval of the parties' class settlement agreements.

**IT IS SO ORDERED.**

DATED: December 15, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT